IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>  vs.<br><br>UNKNOWN OFFICERS OF HONOLULU POLICE DEPARTMENT 1-6; UNKNOWN EMPLOYEES OF HONOLULU EMERGENCY SERVICES DEPARTMENT 1-6; CITY AND COUNTY OF HONOLULU, a Municipal Corporation of the State Of Hawaii; THE QUEEN'S MEDICAL CENTER, a Hawaii Non-Profit Corporation; ANDREW E. HALL, R.N.; BRANDI GARY, M.D.; UNKNOWN PHYSICIANS 1-6; UNKNOWN MEDICAL WORKERS 1-6; UNKNOWN SECURITY GUARDS 1-6,<br><br>        Defendants. | Civil No. 16-00359 LEK-KJM<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE |

FINDINGS AND RECOMMENDATION TO
DISMISS CASE FOR FAILURE TO PROSECUTE

Despite numerous efforts by the Court and the parties to resolve this case, the parties have been unable to agree on language in a stipulation for dismissal and related settlement agreement. As a result, the case is at a standstill, and Plaintiff John Doe ("Plaintiff") is neither prosecuting nor dismissing his

1

claims. Accordingly, the Court FINDS and RECOMMENDS that the district court DISMISS this case for Plaintiff's failure to prosecute.

PROCEDURAL BACKGROUND

On June 29, 2016, Plaintiff, *pro se*,[1] filed a Complaint against Defendants Unknown Officers of Honolulu Police Department 1-6, Unknown Employees of Honolulu Emergency Services Department 1-6, City and County of Honolulu, a municipal corporation of the State of Hawaii, The Queen's Medical Center, a Hawaii non-profit corporation, Andrew E. Hall, R.N., Brandi Gary, M.D., Unknown Physicians 1-6, Unknown Medical Workers 1-6, and Unknown Security Guards 1-6 (collectively, "Defendants"). ECF No. 1. On June 25, 2016, Plaintiff filed a First Amended Complaint against Defendants. ECF No. 6. That same day, Plaintiff filed a Motion for Leave to Proceed Anonymously and for Protective Order ("Motion"). ECF No. 7.

On January 30, 2017, this Court entered its Order Denying Plaintiff's Motion ("1/30/17 Order"). ECF No. 45. In the 1/30/17 Order, the Court denied Plaintiff's request to proceed anonymously because Plaintiff failed to meet the high standard necessary to justify application of the narrow exception to Rule 10 of the Federal Rules of Civil Procedure, which requires that all parties be named and of record. *See id.* at 4-19. Similarly, because Plaintiff failed to demonstrate good

---

[1] Plaintiff is an attorney licensed to practice law in all courts in the State of Hawaii, and has been in practice for approximately 15 years. ECF No. 7-4, ¶¶ 4-5.

cause as to why he should be allowed to proceed anonymously, the Court also denied his request for a protective order. *Id.* at 20-21. Expressly recognizing that Plaintiff might need time to decide whether to proceed with this action, the Court allowed Plaintiff 20 days to re-file his Complaint that disclosed his real name. *Id.*

By February 23, 2017, more than 20 days after entry of the 1/30/17 Order, Plaintiff had not re-filed his Complaint, nor has he done so yet. The Court held several status conferences regarding the 1/30/17 Order to assist the parties with whether and how to proceed with the case. *See* ECF Nos. 48, 50, 51, 52. During a status conference on March 20, 2017, Plaintiff informed the Court that the parties reached a settlement. ECF No. 50. Plaintiff also informed the Court, however, that the parties were still attempting to resolve an issue regarding the confidentiality language in the written settlement agreement. *Id.* At the most recent status conference on April 6, 2017, the parties informed the Court that they have been unable to agree upon language in a stipulation for dismissal to close the case and, thus, are at a standstill. *See* ECF No. 52. The Court indicated that, under the circumstances, it would recommend dismissal. *Id.*

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) grants courts the authority to *sua sponte*

dismiss actions for failure to prosecute for failure to comply with court orders. *See, e.g.*, *Pagano v. OneWest Bank, F.S.B.*, CV 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")).

The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

In this case, dismissal is appropriate given Plaintiff's inaction: he has neither re-filed a Complaint disclosing his real name, nor has he agreed to settlement terms resolving his claims. First, the public's interest in expeditious resolution of litigation weighs in favor of dismissal because this case has been pending since June 2016 with no meaningful progress or any indication that Plaintiff intends to pursue his claims if he cannot do so anonymously. Second, the Court's need to manage its docket weighs strongly in favor of dismissal because

4

Plaintiff's failure to prosecute this action has interfered, and continues to interfere, with this Court's ability to manage its docket. The Court has held four status conferences regarding Plaintiff's claims and the 1/30/17 Order, and though Plaintiff indicates no desire to prosecute his case, he is also unwilling to settle and dismiss it. This matter is set for trial on December 5, 2017, and the Court cannot allow the current inaction to continue.

Third, the risk of prejudice to Defendants weighs in favor of dismissal. Plaintiff's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the resolution of this case. Fourth, less drastic sanctions would be futile. On April 6, 2016, after learning that Plaintiff refuses to sign or approve the proposed stipulation for dismissal, the Court cautioned Plaintiff that it would recommend that the district court dismiss the case. *See* ECF No. 52. Since that date, Plaintiff has not taken any action to indicate that he objects to dismissal or wishes to proceed with his claims. Finally, although public policy generally favors disposition on the merits, because four of the factors weigh heavily in favor of dismissal, and under the particular facts of this case, the Court FINDS that dismissal of this action is appropriate.

## CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that the district court dismiss this case for Plaintiff's failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawai'i, April 24, 2017.



    /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

CV 16-00359 LEK-KJM; *Doe v. Unknown Officers of Honolulu Police Dep't 1-6, et al.*; Findings and Recommendation to Dismiss Case for Failure to Prosecute.