IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN DOE, | CIVIL 16-00359 LEK-KJM |
| Plaintiff, | |
| vs. | |
| UNKNOWN OFFICERS OF HONOLULU POLICE DEPARTMENT 1-6; UNKNOWN EMPLOYEES OF HONOLULU EMERGENCY SERVICES DEPARTMENT 1-6; CITY AND COUNTY OF HONOLULU, a municipal corporation of the State of Hawaii; THE QUEEN'S MEDICAL CENTER, a Hawaii nonprofit corporation; ANDREW E. HALL, R.N.; THE EMERGENCY GROUP, INC., a Hawaii professional corporation; BRANDI GARY, M.D.; UNKNOWN PHYSICIANS 1-6; UNKNOWN MEDICAL WORKERS 1-6; UNKNOWN SECURITY GUARDS 1-6, | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S OBJECTIONS AND
ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE**

On April 24, 2017, the magistrate judge filed his Findings and Recommendation to Dismiss Case for Failure to Prosecute ("F&R"). [Dkt. no. 53.] On May 3, 2017, pro se Plaintiff John Doe ("Plaintiff") filed a document titled "Plaintiff's Response to Findings and Recommendations to Dismiss Case for Failure to Prosecute." [Dkt. no. 54.] This Court CONSTRUES Plaintiff's filing as his objections to the F&R

("Objections"). The Court has considered the Objections without a hearing, in accordance with Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the F&R, the Objections, and the relevant legal authority, Plaintiff's Objections are HEREBY DENIED and this Court HEREBY ADOPTS the F&R AS MODIFIED.

## DISCUSSION

### I. Plaintiff's Objections

The first argument that Plaintiff raises in the Objections is that he "disagrees" with the magistrate judge's denial of his motion to proceed under a pseudonym and that he should be allowed to proceed anonymously. [Objections at 2, 4.] Plaintiff filed a Motion for Leave to Proceed Anonymously and for Protective Order on July 25, 2016. [Dkt. no. 7.] The magistrate judge filed his order denying the motion on January 30, 2017 ("1/30/17 Order"). [Dkt. no. 45.] Plaintiff did not file either a motion for reconsideration of the 1/30/17 Order or an appeal of the 1/30/17 Order to this Court.

The portion of the Objections that attempts to appeal the 1/30/17 Order is DENIED because Plaintiff waived any objection to the 1/30/17 Order by failing to file a timely appeal. See Local Rule LR74.1 ("Any party may appeal from a magistrate judge's order determining a motion . . . within

fourteen (14) days after being served with a copy of the order."). This Court therefore cannot consider the merits of Plaintiff's arguments challenging the 1/30/17 Order.

Second, this Court CONCLUDES that the Objections do not actually challenge the magistrate judge's recommendation in the F&R, except to argue that the magistrate judge should have recommended that the dismissal of the case be without prejudice. After considering the five factors identified in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), the magistrate judge recommended dismissal of the case pursuant to Fed. R. Civ. P. 41(b). [F&R at 4-5.] Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." The F&R does not specify whether the magistrate judge recommends dismissal with prejudice or without prejudice, and the F&R does not contain an analysis of the issue. This Court therefore CONSTRUES the F&R as leaving it to this Court to determine whether the dismissal is with prejudice or without prejudice.

Because the F&R does not contain a recommendation as to whether the dismissal should be with prejudice or without prejudice, Plaintiff's objection on this issue is DENIED.

3

Plaintiff has not presented any reason why this Court should not adopt the recommendation to dismiss the case, and this Court agrees with the magistrate judge that dismissal is appropriate under the circumstances of this case. This Court therefore ADOPTS the F&R.

**II.  Whether the Dismissal is With Prejudice**

Although this Court has denied Plaintiff's Objections and adopted the recommendation to dismiss the case, this Court must still address whether the dismissal is with prejudice or without prejudice. This district court has stated:

> "A Rule 41(b) dismissal is deemed a sanction for disobedience," . . . . Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004).  While "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances," dismissal with prejudice is not beyond the acceptable range of sanctions. See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).  Such dismissal is appropriate when "at least three factors strongly support dismissal." Id.; Pagtalunan, 291 F.3d at 643. . . .

In re Lagmay, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Hawai`i Oct. 13, 2015), aff'd sub nom., Lagmay v. Nobriga, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016).

In the F&R, the magistrate judge found that four of the Pagtalunan factors weighed in favor of dismissal – "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; [and] (4) the availability of less drastic

4

alternatives, while the fifth factor – "the public policy favoring the disposition of cases on their merits" – weighed against dismissal. [F&R at 4-5.] However, the magistrate judge only found that one factor – the need to manage the court's docket – weighed "strongly in favor of dismissal." [Id. at 4.] As noted above, generally, at least three factors must weigh "strongly" in favor of dismissal for dismissal with prejudice to be appropriate. See Dreith, 648 F.3d at 788. In addition, based on its independent review of the record in this case, this Court CONCLUDES that there are insufficient grounds to support dismissal with prejudice.

This Court therefore MODIFIES the F&R insofar as this Court ORDERS that the dismissal of the instant case is WITHOUT PREJUDICE to the filing of a new case.

### CONCLUSION

On the basis of the foregoing, Plaintiff's objections, filed May 3, 2017, are HEREBY DENIED. Further, the magistrate judge's Findings and Recommendation to Dismiss Case for Failure to Prosecute, filed April 24, 2017, is HEREBY ADOPTED AS MODIFIED. The F&R is ADOPTED insofar as Plaintiff's Complaint, filed June 29, 2016, is HEREBY DISMISSED, and the F&R is MODIFIED insofar as the dismissal of the Complaint is WITHOUT PREJUDICE to the filing of a new case. In other words, Plaintiff does not have leave to file an amended complaint in the instant case.

This Court therefore DIRECTS the Clerk's Office to close the instant case on **June 2, 2017**, unless a motion for reconsideration of the instant Order is filed by **May 30, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 12, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOHN DOE VS. UNKNOWN OFFICERS OF THE HONOLULU POLICE DEPARTMENT ET AL; CIVIL 16-00359 LEK-KJM; ORDER DENYING PLAINTIFF'S OBJECTIONS AND ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE**